1  Ernest J. Franceschi, Jr. (State Bar No. 112893)
   FRANCESCHI LAW CORPORATION
2  800 Wilshire Boulevard 12th Floor
   Los Angeles, California 90017
3  Telephone:  (213) 622-0835
   Facsimile: (213) 622-0837
4  Email:   ejf@franceschilaw.com

5  Attorneys for Plaintiffs
   TARA REID and HI HAPPY FILMS, INC.
6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11  TARA REID, an individual; and HI        )   **CASE NO.**
    HAPPY FILMS, INC., a California         )
12  corporation,                            )
                          Plaintiffs,       )   **COMPLAINT FOR:**
13                                          )
              vs.                           )   **1.  FALSE ENDORSEMENT AND**
14                                          )   **MISAPPROPRIATION OF**
                                            )   **CELEBRITY LIKENESS [15 U.S.C.**
15  ASYLUM ENTERTAINMENT, LLC.,             )   **SECTION 1125(a)];**
    a California limited liability company; )
16  SYFY MEDIA PRODUCTIONS, LLC.,           )   **2.  COMMON LAW WRONGFUL**
    a Delaware limited liability company;   )   **APPROPRIATION OF LIKENESS;**
17  FELLS POINT, LLC, a California FTB       )
    forfeited limited liability company;    )   **3.  CALIFORNIA COMMON LAW**
18  FELLS POINT PRODUCTIONS, LLC.,          )   **UNFAIR COMPETITION;**
    a California limited liability company;  )
19  SHAMROCKY, LLC., a business entity      )   **4.  VIOLATION OF CALIFORNIA**
    of unknown status; ARISTOCRAT          )   **CIVIL CODE SECTION 3344;**
20  TECHNOLOGIES, INC., a Nevada            )
    corporation,                            )   **5.  BREACH OF WRITTEN**
21                         Defendants.      )   **CONTRACT**
                                            )
22                                          )   **DEMAND FOR TRIAL BY JURY**
    _____ )
23

24

25

26

27

28

                          1

COME NOW Plaintiffs TARA REID and HI HAPPY FILMS, INC. and for cause of action against Defendants and each of them allege as follows:

## NATURE OF THE ACTION

1.     This is an action for preliminary and permanent injunctive relief and damages arising from Defendants' having misappropriated the likeness and image of Tara Reid, a famous actress, for a commercial purpose without her consent. Plaintiffs are informed and believe that the Defendants Asylum, SyFy Media Productions, Fells Point Productions and Shamrocky have wrongfully licensed the rights to use Tara Reid's likeness (which they do not own) to manufacturers of slot machines, gambling products, and beer makers, who in turn have marketed their products with her likeness, and continue to wrongfully trade and profit therefrom.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to the *Lanham Act*, 15 U.S.C. section 1125(a).  The Court has subject matter jurisdiction of this action over the federal claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) and (b) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. section 1367(a)

3.     Venue is proper in the Central District of California because Defendants Asylum Entertainment, SyFy Media, Fells Point Productions, and Aristocrat Technologies all maintain offices and do business therein.  Moreover, the operative events upon which this action is based occurred therein.  28 U.S.C. § 11391(b)( c).

## THE PARTIES

4.     Plaintiff Tara Reid is an individual residing in the Central District of California and entered into the agreements which are the subject of this action in the Central District.

5.     Plaintiff Hi Happy Films, Inc. is a California corporation with its

principal place of business in the Central District of California and entered into the agreements which are the subject of this action in the Central District.

6.     Upon information and belief, Defendant Asylum Entertainment, LLC. was and is a California limited liability company, with its principal place of business at 16633 Ventura Boulevard, Suite 913 Encino, California 91436.

7.     Upon information and belief, Defendant SYFY Media Productions, LLC was and is a California limited liability company, with its principal place of business at 100 Universal City Plaza, Universal City, California 91608,

8.     Upon information and belief, Defendant Fells Point, LLC is a California FTB forfeited limited liability company, with its former principal office at 14124 Burbank Blvd. Sherman Oaks, California.

9.     Upon information and belief, Defendant Fells Point Productions, LLC. is a California limited liability company comprised of former principals of Fells Point, LLC, with its principal office at 12855 Runway Road, Suite 1203, Playa Vista California 90094

10.     Upon information and belief, Defendant Shamrocky, LLC. is a business organization of unknown status and may be a fictitious entity. Plaintiffs shall seek leave to amend this complaint to assert this defendant's true status when ascertained.

11.     Upon information and belief, Defendant Aristocrat Technologies, Inc. was and is a Nevada corporation with it's principal office at 7230 Amigo Street, Las Vegas, Nevada 89119.  Aristocrat Technologies is authorized to do business in California and maintains offices and employees in the State of California at 16300 Nyemii Pass Pl, Valley Center, California 92082 and 129 Windsor Ave., Kensington California 94708.  Upon further information and belief, Plaintiffs allege that Aristocrat Technologies, Inc. is a wholly owned subsidiary of Aristocrat Leisure Limited, an Australian company with its principal office at Building A, Pinnacle Office Park, 85 Epping Road, North Ryde NSW 2113, Australia.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL CLAIMS

12.    The original Sharknado movie was released in 2013 followed by five sequels. The most recent, Sharknado 6 was released in August of 2018. Plaintiff Tara Reid has played the role of April Wexler in each of the films, all of which have been produced by Defendant Asylum Entertainment, LLC. and published by SYFY Media Productions, LLC.

13.    Due to the success of the Sharknado series, Plaintiffs are informed and believe that sometime following the release of Sharknado 5 in 2017, Defendants Asylum and Syfy entered into marketing agreements with Defendant Aristocrat, a manufacturer of slot machines and video gambling products, to manufacture Sharknado video slot machines.  These slot machines  prominently feature the likeness of Plaintiff.  Attached hereto as *Exhibit 1* and made a part hereof by reference is a depiction of Plaintiff Tara Reid on a Sharknado slot machine.

14.    Plaintiffs are informed and believe that Defendant Aristocrat has manufactured a large number of Sharknado slot machines, the exact number of which is not presently known, which bear the likeness of Tara Reid and has sold, leased, licensed, and distributed them to casinos and gaming establishments in the United States as well as foreign countries.

15.    Plaintiffs are informed and believe that Defendants Asylum, SyFy, and Aristocrat have realized millions of dollars in profits, the exact amount of which is not presently known by Plaintiffs, from the marketing, sale, lease, and distribution of Sharknado slot machines bearing the likeness of Plaintiff Tara Reid.

16.    On or about November 22, 2016, Plaintiffs entered into the "Performer Engagement Agreement," for the Sharknado 5 film.  A true and correct copy of which is attached hereto as *Exhibit 2*.  The parties to the agreement are "Shamrocky, LLC. and Plaintiffs Hi Happy Films and Tara Reid. Plaintiffs are informed and believe that "Shamrocky, LLC." is a fictitious entity and a front for Defendant Asylum, the actual producer.  Plaintiffs are also informed and believe that the name

of the film "Silver Shamrock" is also a false name used for the purpose of concealing the fact that Sharknado 5 was the actual movie.

17.     The "Performer Engagement Agreement" contains a clause at paragraph 11 which provides in pertinent part: "However, in no event shall Performer's likeness be used for any merchandising in association with alcohol, tobacco, gambling, hygiene, or sexual products without Performer's prior written approval." Plaintiffs have never approved the use of Tara Reid's likeness on the Sharknado slot machines, nor was such approval ever requested by any of the defendants.

18.     On or about January 24, 2018, Plaintiffs entered into the "Performer Engagement Agreement," for the Sharknado 6 film.  A true and correct copy of which is attached hereto as *Exhibit 3*.  The parties to the agreement are "Fells Point, LLC. and Plaintiffs Hi Happy Films and Tara Reid. Plaintiffs are informed and believe that "Fells Point, LLC." was FTB forfeited on January 24, 2018 and did not have the legal capacity to do business in California and enter into contracts. Accordingly, said "Performer Engagement Agreement" is voidable at the option of Plaintiffs, who hereby exercise the option to void the agreement. *Exhibit 3* contains the identical clause in paragraph 11 as *Exhibit 2,* requiring the prior written approval of Plaintiffs for her likeness to be used in conjunction with the marketing of alcohol, tobacco, gambling, hygiene, or sexual products.

19.     On February 9, 2018 Fells Point Productions, LLC.  was registered with the California Secretary of State. Plaintiffs on information and belief allege that Fells Point Productions, LLC. at the time of its formation was controlled by the same principals of the FTB forfeited Fells Point, LLC. and at some point in time thereafter assigned the agreement and the production duties to Defendant Asylum.  Plaintiffs further allege the movie name "Fells Point" is a fictitious name used for the purpose of concealing the true name Sharknado 6.  To the extent that Defendant Fells Point Productions, LLC. has assigned a voidable contract to Asylum, Plaintiffs allege that

their option to void the agreement is enforceable as to Defendants Asylum and SyFy. Plaintiffs allege that they are entitled to all marketing revenue realized by Defendants Asylum and SyFy from the sale of all merchandise related to the Sharknado 6 film in which Plaintiff's likeness is utilized, due to agreement having been rendered void.  Plaintiffs are presently unaware of the exact amount of such revenue but estimate that it is several million dollars.

20.     Plaintiffs are further informed and believe that sometime following the release of Sharknado 5 in 2017, Defendants Asylum and Syfy entered into marketing and/or licensing agreements with a foreign beer manufacturer, the Northern Monk Brewing Co., Ltd. in the United Kingdom for the production and sale of Sharknado beer.  A true and correct depiction of the Sharknado beer can which prominently features Plaintiff's likeness is attached hereto as *Exhibit 4* and made a part hereof by reference.

21.     Plaintiffs allege that at no time did they approve the use of Tara Reid's likeness for use on the Sharknado beer cans, nor was such approval ever requested. Plaintiffs are informed and believe that Defendants Asylum, and SyFy, have realized millions of dollars in profits, the exact amount of which is not presently known, from falsely representing to the Northern Monk Co. that they had the rights to license Plaintiff's likeness for use in conjunction with the sale of beer products and in fact did falsely licenses Plaintiff's likeness.

**COUNT I**

**FALSE ENDORSEMENT AND MISAPPROPRIATION OF LIKENESS 15 U.S.C. SECTION 1125(a)**

21.     Plaintiff Tara Reid incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.  This cause of action is asserted against all defendants.

22.     Plaintiff Tara Reid alleges that a celebrity whose endorsement of a

product is implied through the imitation of a distinctive attribute of the celebrity's identity has standing to sue for false endorsement under the Lanham Act, 15 U.S.C. section 1125(a).

23.     Plaintiff alleges that defendants and each of them without her knowledge and prior written consent misappropriated her likeness for the commercial purpose of endorsing by implication gambling products and alcoholic beverages.

24.     By reason of the foregoing, Defendants' use of the likeness and any images of Plaintiff Tara Reid on the aforementioned slot machines and beer cans is deceptive and likely to cause consumer confusion as to the sponsorship or affiliation between those products and Plaintiff Tara Reid, who did not and would not endorse such products.  The foregoing conduct of Defendants further constitutes a false designation of origin in violation of 15 U.S.C. section 1125(a).

25.     Upon information and belief, if not preliminarily and permanently enjoined by this Court, Defendants will continue to manufacture, distribute, market, and profit from gambling and alcoholic beverage products that wrongfully bear Plaintiff's likeness and in violation of her rights under the Lanham Act, 15 U.S.C. 1125(a).  Plaintiff alleges that she has no adequate remedy at law.

26.     Plaintiff Tara Reid also seeks monetary damages and attorneys' fees for Defendants' willful and wrongful use of her likeness, including but not limited to disgorgement of all revenues earned from the licensing, marketing, sale, lease, or distribution of the Sharknado slot machines and beer cans bearing Plaintiff's likeness.

**COUNT II**

**COMMON LAW WRONGFUL APPROPRIATION**

**OF LIKENESS**

27.     Plaintiff Tara Reid incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.  This cause

of action is asserted against all defendants.

28.    This cause of action under California state common law is separate and independent of the federally-based cause of action previously set forth herein, but it is between the same parties and is based on the same operative facts as set forth in the prior cause of action; this Court accordingly has supplemental jurisdiction over said claim pursuant to 28 U.S.C. section 1367(a).

29.    Plaintiff Tara Reid alleges that Defendants and each of them used and exploited her image and likeness for the promotion of gambling products and alcoholic beverages.  Plaintiff Tara Reid did not consent to this use of her likeness or identity and that defendants and each of them gained a commercial benefit by using her likeness or identity.

30.    As a direct and legal result of the actions of defendants and each of them Plaintiff Tara Reid has suffered economic and non economic damages in an amount that will be shown at time of trial according to proof.

31.    Plaintiff alleges that the wrongful appropriation of her likeness and identity was intentional and with the objective of exploiting her.  Defendants had actual knowledge that they were required to first obtain her written consent before they could use her likeness on gambling and alcohol products because of the provision in paragraph 11 of the "Performer Engagement Agreements," but refused to do so in utter disregard for her rights under the law.  As such, the actions of the Defendants were malicious and oppressive and justify an award of punitive and exemplary damages in an amount sufficiently large to set a public example of deterrence, and in an amount no less than $100,000,000.00

**COUNT III**

**COMMON LAW UNFAIR COMPETITION**

32.    Plaintiff Tara Reid incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.  This cause

of action is asserted against all defendants.

33.     This cause of action under California state common law is separate and independent of the federally-based first cause of action previously set forth herein, but it is between the same parties and is based on the same operative facts as set forth in the prior cause of action; this Court accordingly has supplemental jurisdiction over said claim pursuant to 28 U.S.C. section 1367(a).

34.     As set forth above, Plaintiff is a famous actress who derives economic value from her identity and likeness, which is recognizable worldwide.

35.     The use of Tara Reid's likeness without her permission by Defendants in connection with the marketing of gambling products and beer has caused and is likely to cause confusion among consumers as to the source of the products, with consumers associating the products as being endorsed or promoted by Plaintiff, so as to unfairly compete with Plaintiff, by misusing her likeness and identity in a manner that is inimical to her interest.

36.     Upon information and belief, unless preliminarily and permanently enjoined by this Court, Defendants will continue their aforesaid willful and deliberate misappropriation of Plaintiff's likeness.  Plaintiff has no adequate remedy at law.

**COUNT IV**

**VIOLATION OF CALIFORNIA CIVIL CODE**

**SECTION 3344**

37.     Plaintiff Tara Reid incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein. This Cause of action is asserted against all Defendants.

38.     This cause of action under California state common law is separate and independent of the federally-based first cause of action previously set forth herein, but it is between the same parties and is based on the same operative facts as set forth

in the prior cause of action; this Court accordingly has supplemental jurisdiction over said claim pursuant to 28 U.S.C. section 1367(a).

39.     Defendants have appropriated Plaintiff's famous likeness in connection with the marketing of gambling and alcoholic beverage products, thereby knowingly using her likeness for a commercial purpose.

40.     Pursuant to California *Civil Code* section 3344(a) Plaintiff is entitled to recover all profits realized by the Defendants in an amount that will be shown at time of trial together with attorney fees, and punitive damages, in an amount sufficiently large to set a public example of deterrence and in an amount no less than $100,000,000.00.

## COUNT IV
## BREACH OF WRITTEN CONTRACTS

41.     Plaintiffs Tara Reid and Hi Happy Films incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint as if fully set forth herein.  This cause of action is asserted against Defendants Asylum, SyFy, Fells Point, LLC., Fells Point Productions, LLC., and Shamrocky, LLC.

42.     This cause of action under California state common law is separate and independent of the federally-based first cause of action previously set forth herein, but it is between the same parties and is based on the same operative facts as set forth in the prior cause of action; this Court accordingly has supplemental jurisdiction over said claim pursuant to 28 U.S.C. section 1367(a).

43.     Plaintiffs allege that at all relevant times there existed written contracts manifested by *Exhibits 1* and *3*, true and correct copies of which are attached and incorporated herein by reference.

44.     The agreements contain a provision at paragraph 11 which states in pertinent part: "However, in no event shall Performer's likeness be used for any merchandising in association with alcohol, tobacco, gambling, hygiene, or sexual

products without Performer's prior written approval." Plaintiffs have never approved the use of Tara Reid's likeness on the Sharknado slot machines, Sharknado beer, nor was such approval ever requested by any of the defendants.

45.     Defendants breached their contractual obligations to Plaintiffs by selling or licensing the right to publish Plaintiff's likeness of slot machines and beer cans without first obtaining Plaintiff Tara Reid's written consent.

46.     As a direct and legal result of the breach of contract by the Defendants against whom this cause of action is asserted, Plaintiffs have sustained economic and consequential damages in an amount that has not been fully ascertained, but for which leave to amend this Complaint will be requested when ascertained.


WHEREFORE, Plaintiffs pray for judgment as follows:

1.     For monetary damages as will be shown at time of trial;

2.     For appropriate preliminary and permanent injunctive relief;

3.     For punitive and exemplary damages on the Second and Fourth Claims for Relief in an amount no less than $100,000,000.00

4.     For an award of attorney fees, costs and expenses in this action pursuant to the *Lanham Act* and California *Civil Code* section 3344(a);

5.     For cost of suit incurred herein;

6.     For such other and further legal and equitable relief as the court may deem just and proper.


Dated: December 4, 2018                **FRANCESCHI LAW CORPORATION**


By /s/Ernest J. Franceschi, Jr.
Ernest J. Franceschi, Jr.
Attorneys for Plaintiffs
TARA REID and HI HAPPY FILMS, INC.

1

## <u>DEMAND FOR TRIAL BY JURY</u>

2

Plaintiffs hereby demand a trial by jury in the within cause.

3

4
Dated: December 4, 2018                    **FRANCESCHI LAW CORPORATION**

5

6
By /s/ Ernest J. Franceschi, Jr.
Ernest J. Franceschi, Jr.

7
Attorneys for Plaintiffs
TARA REID and HI HAPPY FILMS, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint